# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MARLON MANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:14-cv-01473-RDP-TMP |
| | ) |
| DANNY TURNER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on November 19, 2015, recommending the following claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1): (1) Plaintiff's requests for injunctive and declaratory relief against Defendants Turley, Hardeman, and Turner for allegedly violating Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure; and (2) Plaintiff's defamation claims against Defendant Benefield. (Doc. 42). The Magistrate Judge further recommended that Plaintiff's requests for monetary damages against Defendants Turley, Hardeman, and Turner for allegedly violating his Fourth Amendment right to be free from unreasonable search and seizure be stayed pending the outcome of his state court criminal proceedings. (*Id.*). Plaintiff filed objections to the Report and Recommendation on December 1, 2015. (Doc. 43).

In his objections, Plaintiff merely brings his claims against Defendants Turley, Hardeman, and Turner for violating his Fourth Amendment rights and requests that the court reconsider his claims for injunctive and declaratory relief. (Doc. 43 at 1-2). Plaintiff does not address the Magistrate Judge's conclusion that his Fourth Amendment claims for injunctive and declaratory relief are barred by the well-established principle that a federal court will abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings except under very limited circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Butler v. The Alabama Judicial Inquiry Comm'n, et al.*, 245 F.3d 1257, 1261 (11th Cir. 2011). To the extent the Plaintiff complains that he has been incarcerated for twenty (20) months without being indicted or tried, (Doc. 43 at 1-2), a petition for a writ of habeas corpus, not a civil rights action under 42 U.S.C. § 1983, provides the general jurisdictional basis for his claims, once state court remedies have been exhausted. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985).

Next, Plaintiff claims he intended to allege a Fourth Amendment illegal search and seizure claim against Defendant Benefield. (Doc. 43 at 2-3). On April 1, 2015, Plaintiff responded to the Magistrate Judge's Supplemental Order for Special Report. (Doc. 34). In his response, Plaintiff claimed Defendant Benefield

had "knowledge [of] and acquiesce[d] [to] the situation and [had] blatant disregard of official policy and practices . . . ."  (Doc. 34 at 2).  On the same day, Plaintiff filed a **third amended complaint**, but failed to allege a Fourth Amendment illegal search and seizure claim against Benefield in that amendment.  (Doc. 36).  Indeed, Plaintiff now acknowledges that he "fail[ed] to also add those statements to his amended complaint."  (Doc. 43 at 2).  Plaintiff has had several opportunities to amend his complaint to sufficiently allege his claims against Defendants.  Moreover, Plaintiff has not attempted to justify his delay or explain why he could not have corrected any error in failing to allege a Fourth Amendment claim against Benefield earlier.  As such, the court will not consider a Fourth Amendment illegal search and seizure claim against Defendant Benefield.

Additionally, allowing Plaintiff to allege a Fourth Amendment claim against Benefield would be futile.  Plaintiff does not allege that Defendant Benefield was present during the incident made the basis of this action and personally subjected Plaintiff to an unreasonable search and seizure in violation of the Fourth Amendment.  Rather, Plaintiff makes only general and conclusory claims that Benefield had knowledge of and acquiesced to the search without any factual support for the same.  (Docs. 34 at 2; Doc. 43 at 2-3).

To the extent Plaintiff attempts to implicate Defendant Benefield through the concept of *respondeat superior*, this doctrine is unavailable in actions brought

under section 1983.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *see also Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).  However, "a § 1983 plaintiff may maintain a theory of direct liability against a prison or other official if that official fails to properly train, supervise, direct, or control the actions of a subordinate who causes the injury."  *Pearl v. Dobbs*, 649 F.2d 608, 609 (8th Cir. 1981).  "Supervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  "A single incident, or isolated incidents, do not ordinarily satisfy this burden."  *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

   Plaintiff has described only this single incident in which officers allegedly subjected him to a wrongful search and seizure on April 23, 2014.  The allegations

surrounding this one incident, by themselves, do not sufficiently plead that Defendant Benefield knew the officers were likely to violate Plaintiff's Fourth Amendment rights.  Neither does Plaintiff allege that Defendant Benefield maintained any custom or policy that resulted in deliberate indifference to Plaintiff's constitutional rights.  Nor does Plaintiff assert that Benefield directed his subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so.  Based on the foregoing, even if the court allowed Plaintiff to amend his complaint to allege a Fourth Amendment claim against Defendant Benefield, such claim would be subject to dismissal for failing to state a claim upon which relief may be granted.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  Accordingly, Plaintiff's requests for injunctive and declaratory relief against Defendants Turley, Hardeman, and Turner for allegedly violating Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and Plaintiff's defamation claims against Defendant Benefield are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Additionally, Plaintiff's requests for monetary damages against Defendants Turley, Hardeman, and Turner for allegedly violating his

Fourth Amendment right to be free from unreasonable search and seizure are due to be stayed pending the outcome of his state court criminal proceedings. An appropriate order will be entered.

    **DONE** and **ORDERED** this December 28, 2015.

                                        _____
                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE